WEIR GREENBLATT PIERCE LLP
*A Pennsylvania Limited Liability Partnership*
By:  Richard P. Coe, Jr., Esq. (RC7116)
       (ID No. 029591987)
35 Kings Highway East
Haddonfield, NJ  08033
(856) 740-1490
(856) 740-1491 (fax)
*Attorneys for Defendant,*
*Kimberly Monaco*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK H. TIDMAN | : |
| | : Civil Action No. 1:22-cv-05441-RMB-AMD |
| Plaintiff, | : |
| vs | : |
| | : |
| EMINENCE HARDSCAPES LLC, ANTHONY | : |
| DIMATTEO, KIMBERLY MONACO, FS | : |
| SWIMMING POOLS INC., FRED SAAD, | : |
| EXCLUSIVE POOLS INC. | : **DEFENDANT KIMBERLY MONACO'S** |
| | : **ANSWER TO THE AMENDED** |
| Defendants. | : **COMPLAINT, AFFIRMATIVE DEFENSES** |
| | : **CROSSCLAIMS, AND JURY DEMAND** |

Defendant Kimberly Monaco ("Answering Defendant"), by and through her undersigned counsel, hereby answers the Amended Complaint of Plaintiff, Mark H. Tidman ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

1.      The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the allegations.

## THE PARTIES

2.      Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same are deemed denied.

1

3.      Admitted in part that Answering Defendant and Anthony DiMatteo reside at 42 East Holly Avenue, Sewell, New Jersey 08080. Admitted in part that Answering Defendant owns the property located at 42 East Holly Avenue, Sewell, New Jersey 08080. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  It is denied that Answering Defendant is an owner or the sole owner of Eminence Hardscapes LLC ("Eminence").

4.      Admitted in part that Answering Defendant and Anthony DiMatteo reside at 42 East Holly Avenue, Sewell, New Jersey 08080. Denied that Answering Defendant runs the business of Eminence, or that Answering Defendant is an owner or the sole owner of Eminence. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

5.      Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

6.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

7.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

8.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## JURISDICTION AND VENUE

9.     The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the allegations.

10.     The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the allegations.

## FACTUAL ALLEGATIONS

### Alleged History

11.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

12.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

13.     Admitted in part that Answering Defendant met Defendant DiMatteo in or about 2014 and, thereafter, Defendant DiMatteo began living at 42 East Holly Avenue, Sewell, New Jersey 08080. Answering Defendant denies participating in a fraudulent enterprise. Denied that Answering Defendant runs the business of Eminence, or that Answering Defendant is an owner or the sole owner of Eminence. The remaining allegations are not directed to Answering Defendant

and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

14.     Admitted in part that Answering Defendant has used the email address "kimanndimatteo@gmail.com" and has used the name "DiMatteo".  Plaintiff's characterizations of press coverage and written documents which are in writing and speak for themselves, are denied as stated.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

15.     Admitted in part that Answering Defendant owns property located at 42 East Holly Avenue, Sewell, New Jersey. Denied that Answering Defendant conducts fraudulent business. Denied that Answering Defendant represents that the property located at 42 East Holly Avenue, Sewell, New Jersey is jointly owned. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

16.     Denied.

17.     Admitted that Answering Defendant was the sole member of The Godfather of Concrete LLC. Denied that The Godfather of Concrete LLC was a sham enterprise. The remaining allegations refer to written documents, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

18.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

19.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

20.     Denied.

21.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations concerning Plaintiff's alleged interviews and the same are, therefore, denied.

22.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

**Alleged Activity in This Case**

23.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Amended Complaint as if set forth more fully at length herein.

24.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same are deemed denied.

25.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same are deemed denied.

26.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same are deemed denied.

27.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same are deemed denied.

28.     Denied that Answering Defendant represented that Answering Defendant was an authorized dealer and distributor for Defendant FS. Answering Defendant is without sufficient knowledge, information and/or belief as to who called Plaintiff.   The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

29.     Denied that Answering Defendant represented that Answering Defendant was an authorized dealer and distributor for Defendant FS. Denied that Answering Defendant represented that Answering Defendant was an authorized agent of Defendant FS. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

30.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

31.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

32.     Denied that Bonnie Scheel was defrauded. The remaining allegations refer to written documents, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

33.     Denied that Lippi was working with Answering Defendant. Denied that Answering Defendant defrauded Scheel or Lippi. Denied that Lippi disassociated himself from Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The remaining allegations also refer to written documents, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

34.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

35.     Denied.

a.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated. The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

b.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

c.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

d.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

36.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

37.    Denied that Answering Defendant was under any obligation to provide assistance with permits. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

38.    The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

39.    The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

40.    Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations about a specific call as alleged. The remaining allegations refer to a written document, the terms of which speak for themselves, and Plaintiff' characterizations of the same are, therefore, denied as stated.

41.    The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

42.    Denied as to Plaintiff's characterization that Answering Defendant prompted Plaintiff to make a payment and provide wiring instructions. The remaining allegations refer to a

written document, the terms of which speak for themselves, and Plaintiff' characterizations of the same are, therefore, denied as stated.

43.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff' characterizations of the same are, therefore, denied as stated.  Further, the allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

44.     Denied as to Plaintiff's characterization that Answering Defendant prompted Plaintiff to make a payment. The remaining allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

45.     Denied that Answering Defendant had any duty to Plaintiff to act and/or appear. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

46.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

47.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written

9

document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

48.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

49.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

50.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

51.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

52.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written

document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

53.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

54.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

55.     Denied that Answering Defendant is and/or was a part of a sham enterprise. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

56.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

57.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of

Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

58.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

59.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

60.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

61.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

a.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

b.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

c.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

62.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

63.      Denied that Answering Defendant visited Plaintiff's Property on July 7, 2022. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

64.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

13

65.     Admitted that in or about July 14, 2022, Answering Defendant was diagnosed with COVID-19 and subsequently recovered.  Denied that Answering Defendant uses medical conditions to manipulate individuals or the Court. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

66.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations of this paragraph and, therefore, the same is deemed denied.

67.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

68.     Denied that Answering Defendant conned Lippi. Denied that Answering Defendant was conducting a con scheme. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

69.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written

document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

70.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

71.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

72.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

73.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

74.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

75.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

76.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

77.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

78.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

79.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

80.     Denied as to Answering Defendant. Further denied to the extent this paragraph alleges conclusions of law. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

81.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

82.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

83.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

84.     Denied as to Answering Defendant. Further denied to the extent this paragraph alleges conclusions of law. The remaining allegations are not directed to Answering Defendant

and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

85.     Denied that Answering Defendant engaged in criminal and/or fraudulent conduct. Denied that Defendant FS directed Plaintiff to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

86.     Denied that Answering Defendant is a co-conspirator and/or a life-long con artist that scammed people out of thousands of dollars. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

87.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

88.     Denied as to Answering Defendant. Further denied to the extent this paragraph alleges conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## Incorporation of Alleged RICO Statement Predicate Acts

89.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Amended Complaint as if set forth more fully at length herein.

90.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

91.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

92.     Denied as to Answering Defendant. Further denied to the extent this paragraph alleges conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The remaining allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

        a.     Denied that Answering Defendant represented that Answering Defendant was an authorized dealer for FS Pools. Denied that Answering Defendant made representations of being an authorized dealer to create legitimacy and provide comfort and confidence to Plaintiff. Denied that Answering Defendant engaged in a sham operation. Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations that there was a phone call between Plaintiff and Answering Defendant at the time indicated.

        b.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The

allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

      c.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

      d.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

      e.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

f.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

g.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

h.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

i.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is

necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

   j. The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

   k. The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

   l. The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

   m. The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The

remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

n.        The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

o.        The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

p.        The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant.

q.        The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is

necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

       r.      Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

       s.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

       t.      Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations that there was a phone call between Plaintiff and Answering Defendant at the time indicated. The allegations are denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

       u.      The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is

necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

v.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

w.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

x.       The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

y.       The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

z.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

aa.     The allegations refer to written documents, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

bb.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

cc.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is

necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

dd.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

ee.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

ff.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

gg.     The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The

remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

hh.    Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations that Plaintiff sent an email to "kim@eminencehardscapesllc.com" and "tony@eminencehardscapesllc.com". Admitted that Answering Defendant no longer uses the email address of "kim@eminencehardscapesllc.com", but that Answering Defendant is not in control of the email address. All remaining allegations and characterizations are denied as to Answering Defendant. To the extent the remaining allegations are not directed to Answering Defendant, no response is necessary.

93.    The allegations refer to written documents, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The allegations are further denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

a.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

b.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

c.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

d.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

e.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

f.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

g.      The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement

of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

94.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

95.     Answering Defendant is without sufficient knowledge, information and/or belief to respond to the allegations that Plaintiff sent an email to "kim@eminencehardscapesllc.com" and "tony@eminencehardscapesllc.com". Admitted that Answering Defendant no longer uses the email address of "kim@eminencehardscapesllc.com", but that Answering Defendant is not in control of the email address. All remaining allegations and characterizations are denied as to Answering Defendant.

96.     Admitted that Answering Defendant resides at 42 East Holly Avenue, Sewell, New Jersey 08080. The remaining allegations are denied as to Answering Defendant.  To the extent the remaining allegations are not directed to Answering Defendant, no response is necessary.

**Alleged Negligence of FS, Exclusive and Saad**

97.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

98.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

99.     The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

100.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

101.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

102.    Denied as to any alleged wrongdoing by Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

### CAUSES OF ACTION

### COUNT ONE
**Alleged Violation of 18 U.S.C. § 1962(d)**

103.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

104.    The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the same.

105.    The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the same.

106.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering

Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

107. Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

108. Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

109. Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

110. Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

111. Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

112.    Denied as to Answering Defendant.  Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

113.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

114.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

115.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.

116.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.

117.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## COUNT TWO
### Alleged Breach of Contract

118.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

119.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.  The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

120.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

121.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied. The allegations also refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.

122.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

123.    The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## COUNT THREE
### Alleged Breach of Implied Covenant of Good Faith and Fair Dealing

124.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

125.    The allegations refer to a written document, the terms of which speak for themselves, and Plaintiff's characterizations of the same are, therefore, denied as stated.  The remaining allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the same.

126.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

127.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

128.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## COUNT FOUR
### Alleged Fraudulent Inducement

129.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

130.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

131.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

132.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

133.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

134.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

135.    Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

136.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## COUNT FIVE
### Alleged Fraudulent Misrepresentation

137.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

138.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

139.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

140.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

141.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

142.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## COUNT SIX
### Alleged Unjust Enrichment

143.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

144.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

145.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

146.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

147.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

<u>**COUNT SEVEN**</u>
**Alleged Piercing the Corporate Veil**

148.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

149.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

150.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

151.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

152.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

153.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

154.    Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

155.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

156.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

## **COUNT EIGHT**
### **Alleged Violation of New Jersey Unfair Trade Practices Act**

157.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

158.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

159.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

160.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

161.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

### COUNT NINE
### Alleged Violation of New Jersey Consumer Fraud Act

162.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

163.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

164.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

165.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

166.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

**COUNT TEN**
**Alleged Vicarious Liability**

167.    Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

168.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

169.    Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

170.    Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

171.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

172.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

**COUNT ELEVEN**
**Alleged Negligence**

173.     Answering Defendant hereby repeats all of the Answers to the prior allegations of the Complaint as if set forth more fully at length herein.

174.     The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the conclusions of law. The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

175.     Denied as to Answering Defendant. The remaining allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

176.     Denied as to Answering Defendant. Further denied to the extent the allegations constitute conclusions of law.  The remaining allegations are not directed to Answering

Defendant and accordingly no response is necessary. To the extent the remaining allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

177.    The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the conclusions of law. The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

178.    The allegations of this paragraph are or contain conclusions of law to which no response is required, but to the extent one is required, Answering Defendant denies the conclusions of law. The allegations are not directed to Answering Defendant and accordingly no response is necessary. To the extent the allegations of this paragraph refer to any involvement of Answering Defendant, the allegations are denied.

WHEREFORE, Defendant Kimberly Monaco demands judgment against Plaintiff Mark H. Tidman dismissing the Amended Complaint with prejudice, together with award of costs, attorneys' fees, and such further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1.    Answering Defendant did not violate 18 U.S.C. § 1962.

2.    Answering Defendant did not engage in any unlawful enterprise.

3.    Answering Defendant did not engage in any racketeering activity.

4.    Answering Defendant did not engage in any conspiracy.

5.    Answering Defendant did not engage in any fraud.

6.    No privity of contract exists between Plaintiff and Answering Defendant.

7.    Answering Defendant did not make any fraudulent misrepresentations.

8.      There was no reasonable reliance on any alleged misrepresentation.

9.      There was no detrimental reliance on any alleged misrepresentation.

10.     Answering Defendant was not and is not an alter ego of any other person or entity in this matter.

11.     Answering Defendant did not engage in any unconscionable commercial practice or unfair trade practices.

12.     Answering Defendant did not commit any act or omission in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

13.     Answering Defendant is not subject to liability under the New Jersey Consumer Fraud Act.

14.     There is no ascertainable loss due to any alleged act or omission on the part of Answering Defendant.

15.     Plaintiff failed to mitigate his alleged damages.

16.     Answering Defendant did not violate any legal duty owed to Plaintiff.

17.     Plaintiff's claims are barred by his own acts, omissions, negligence, or carelessness.

18.     Without admitting any liability, the alleged claims asserted by Plaintiff were solely and proximately caused by the acts or omissions of other parties over which Answering Defendant had no control.

19.     Plaintiff's claims are barred or limited by his own contributory fault or comparative fault.

20.     Plaintiff's claims are barred by the entire controversy doctrine and/or res judicata.

21.     Plaintiff's claims are barred by superseding or intervening causes.

22.     Plaintiff's claims are barred by the applicable statute of limitations.

23.     Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

24.     The Amended Complaint fails to set forth a claim against Answering Defendant upon which relief may be granted.

WHEREFORE, Defendant Kimberly Monaco demands judgment against Plaintiff Mark H. Tidman dismissing the Amended Complaint with prejudice, together with award of costs, attorneys' fees, and such further relief as the Court deems appropriate.

## CROSSCLAIM FOR CONTRIBUTION

Without admitting any liability herein, the Answering Defendant hereby demands contribution in accord with the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq. and the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53(a)1, et. seq. from Co-Defendants.

## CROSSCLAIM FOR INDEMNIFICATION

Without admitting any liability herein, the Answering Defendant asserts that the primary liability, if any, rests with Co-Defendants and Answering Defendant hereby asserts Crossclaims for Common Law, Contractual and Statutory Indemnification as against Co-Defendants and demands that Co- Defendants hold harmless Answering Defendant from any and all liability asserted against her.

## ANSWER TO CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Answering Defendant, by way of Answer to any Crossclaim for contribution and/or indemnification heretofore asserted by any party herein or which shall hereinafter be asserted by any party herein, denies each and every allegation of each such Crossclaim and further denies liability in any way to any party asserting such claim.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Kimberly Monaco

demands a trial by jury in this action of all issues so triable.

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on today's date a true and correct copy of the

foregoing pleading was served upon all counsel of record via ECF and/or email.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

*s/Richard P. Coe, Jr.*
Richard P. Coe, Jr., Esquire
Attorney ID # 029591987
Attorney for Defendant,
Kimberly Monaco

Dated:  October 21, 2022